**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL CASE NO. 15-37-DLB-CJS**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**v.**                  **REPORT AND RECOMMENDATION**

**GARY MAYS**                                                                   **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On September 25, 2017, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Gary Mays had violated conditions of his supervised release. Defendant was present in Court and represented by court-appointed counsel Chris Jackson, and the Government was represented by Assistant United States Attorney Laura Voorhees. U.S. Probation Officer Allison Biggs was also present for this proceeding.

Upon call of this matter at the Final Revocation Hearing, counsel informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to admit to the violations alleged in the August 29, 2017 Violation Report (R. 27) and waive his right to allocute before District Judge Bunning and his right to appeal any sentence imposed by Judge Bunning to the extent it is consistent with this Report and Recommendation. In exchange, the Government agreed to recommend a term of incarceration of 11 months with no new term of supervision to follow.

Upon consideration, the parties' agreement is an appropriate proposed disposition of this matter. Therefore, it will be recommended that Defendant's supervised release be revoked and that he be sentenced to an 11-month term of imprisonment with no supervised release to follow.

I.  **Procedural Background**

On May 18, 2011, Defendant pleaded guilty in the U.S. District Court for the Southern District of Ohio to bank robbery in violation of 18 U.S.C. § 2113(a). On November 1, 2011, the District Judge entered Judgment, sentencing Defendant to a total term of imprisonment of 58 months with a 3-year term of supervised release to follow. (R. 1-3). In addition, Defendant was ordered to pay a $100 special assessment, a $1,500 fine, and $13,615 in restitution, jointly and severally with his co-Defendants.

On June 5, 2015, Defendant was released from prison to begin his term of supervision through the U.S. Probation Office in Covington, Kentucky. (R. 9). On September 21, 2015, presiding District Judge Bunning accepted transfer of jurisdiction regarding this case. (R. 1).

On January 6, 2016, Defendant appeared in Court on charges he violated his supervision (R. 8) as set forth in the Probation Office's January 5, 2016, Violation Report (R. 9). At the January 13, 2016, Final Revocation Hearing, Defendant admitted to violating conditions of his supervised release. (R. 12). Specifically, Defendant admitted that he violated conditions of his federal supervised release by using marijuana, being in possession of marijuana which constitutes conduct violative of federal law, and failing to make regular monthly payments toward his court-ordered obligations. (*See* R. 15). The undersigned recommended the District Judge accept the parties' proposed agreed sentencing recommendation of a 5-month term of imprisonment and a 31-month term of supervision to follow. (*Id.*). On January 22, 2016, Judge Bunning adopted the Report and

Recommendation, revoked Defendant's supervision, and sentenced him as recommended by the undersigned and agreed upon by the parties. (R. 16; R. 18). Certain special conditions agreed upon by the parties were also added to Defendant's new term of supervision. (R. 18, at 4).

On June 28, 2016, Defendant was released from prison to begin his new 31-month term of supervision by U.S. Probation. (*See* R. 27). On August 4, 2016, the Court entered an Order requiring Defendant to make $25.00 monthly restitution payments. (R. 19). Defendant's conditions of supervision were subsequently modified on February 9, 2017, to include a 4-month period of home detention with electronic monitoring after Defendant had been stopped and arrested by local police for speeding, operating a vehicle under the influence, and failing to yield the right-of-way. (R. 20). This modification of his supervision conditions was ordered after Probation Officer Biggs reported to Judge Bunning that Defendant had been drinking alcohol, incurred new state criminal charges, been disrespectful to local law enforcement, failed to be truthful to the Probation Officer upon discussion of the matter, and been failing to maintain employment and make regular payments toward his restitution. (*Id.*). Defendant's conditions of supervision were subsequently modified once again on March 15, 2017, by imposing a 4-month period of home detention, this time with GPS monitoring rather than electronic monitoring. (R. 21). This modification was ordered after Officer Biggs reported that Defendant was not complying with his residence restrictions and had not been truthful with the Probation Officer upon inquiry about the circumstances. (*Id.*).

On August 31, 2017, Officer Biggs petitioned for Defendant to appear before the Court regarding further alleged violations of his supervision. (R. 22). Defendant subsequently initially appeared on September 11, 2017. (R. 25). The charged violations were presented to the Court via the Probation Officer's August 29, 2017, Violation Report. (R. 27). The violation charges were

reviewed with Mr. Mays, the potential penalties were explained, and a final revocation hearing was scheduled. (R. 25). As noted above, upon call of the case for the final revocation hearing, counsel informed the Court that the parties had reached an agreement: Mr. Mays was prepared to admit to the violations, and the parties agreed on a recommended sentence of 11 months of incarceration with no new term of supervised release to follow.

At the final hearing, the undersigned reviewed with Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable Sentencing Guidelines range. The undersigned further explained that while a recommendation of an appropriate sanction will be made to the presiding District Judge, it is ultimately Judge Bunning's decision as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to admit to the alleged violations set forth in the August 29, 2017 Violation Report. Specifically, Mr. Mays admitted under oath to the following violations of supervised release and the factual circumstances set forth below:

> **Violation No. 1:** If the judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

Mr. Mays admitted that he had not complied with his restitution payment schedule of $25.00 per month as ordered by the Court on August 3, 2016. At the time of the August 29, 2017, Violation Report, he had made three payments totaling $105.00 toward his obligation.

> **Violation No. 2:** The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

Mr. Mays admitted that he had changed employment from JNJ Design to Kentucky Towing without informing the Probation Officer, nor did he provide specific details about the employment change or when he changed jobs upon being questioned by Officer Biggs.

**Violation No. 3:** The defendant shall not leave the judicial district without the permission of the court or probation officer.

**Violation No. 4:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Violation No. 5:** The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

Mr. Mays was involved in a traffic accident in Dayton, Ohio, on August 10, 2017, which the Probation Officer learned of during an August 23, 2017, visit to Defendant's home. Mr. Mays initially denied the accident had recently occurred, until the dates and address listed on the report were pointed out to him. He reported he had actually been in Dayton, Ohio, for work but did not have permission to travel outside this district. He was directed to provide confirming documentation that he was working that day and failed to do so. And he admitted he did not report this encounter with law enforcement to the Probation Office.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his admissions to the violation charges knowingly and voluntarily. Therefore, based on Defendant's admissions to these violations, the undersigned finds and will recommend that the District Judge find that Mr. Mays has violated conditions of his supervised release as charged.

**II.  Sentencing**

Defendant having admitted to violating his supervised release, the question of appropriate sanctions for the violations is presented. The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervision. *See* 18 U.S.C. § 3583(e)(3). The Court is mindful of the need to impose a sanction that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). In determining an

appropriate sanction, the applicable policy statements in the Sentencing Guidelines, *see United States Sentencing Commission Guidelines Manual* Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a),[1] must be considered.

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 24 months, his underlying offense being a Class C felony. *See* 18 U.S.C. § 3583(e)(3). Section 7B1.4(a) of the Sentencing Guidelines suggests a revocation range of imprisonment of 5 to 11 months, based upon Defendant's criminal history category of III and the violations being Grade C violations. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed would be 31 months less any term of imprisonment imposed for the current revocation. *See* 18 U.S.C. § 3583(h).

As explained above, the parties have agreed to a recommended sentence of 11 months of incarceration with no supervision to follow. The undersigned agrees that under the circumstances presented, this recommended sanction is sufficient, but not greater than necessary, to comply with the applicable § 3553(a) factors imported into the § 3583(e) analysis. Probation Officer Biggs confirmed that the U.S. Probation Office is in agreement with the parties' recommended sanction. Although Defendant has accepted responsibility for his conduct, this is his second revocation proceeding. In addition, his overall course of supervision demonstrates he has had ongoing problems being truthful with Probation and conforming his behavior to the structure and restrictions of

---

[1] In the specific context of supervised release proceedings, 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) of the statutory sentencing factors are to be considered. *See also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009).

supervision, evidenced by the graduated sanctions imposed after he was released from incarceration following his first revocation proceeding. A term of imprisonment at the high end of the Guidelines range is also appropriate because the parties have agreed that no new term of supervision should be imposed.

The undersigned accepts the parties' proposed term of incarceration with no supervision to follow and will recommend same to Judge Bunning in this Report and Recommendation. In light of this acceptance, Defendant has waived his right to allocute and his right to appeal his sentence to the extent it is consistent with this Report and Recommendation. (*See* R. 29).

A few final matters. Defendant has requested that the Court recommend he be placed at a federal facility close to the Northern Kentucky/Greater Cincinnati area, if possible. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but that a placement recommendation would be made on his behalf. Defendant also requested he be permitted to self-report to the facility designated by the BOP, which the Government and U.S. Probation did not oppose. Defendant acknowledged to the Court that he understands he is obligated to comply with all terms and conditions of his supervision pending self-report to the designated facility. Also, if Defendant is in need of transportation to the facility due to its location, he is to immediately contact Probation so that Probation can coordinate arrangements with the U.S. Marshals Service.

### III. Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his admissions to the violations knowingly and voluntarily; and the undersigned having

considered the entire record, the pertinent § 3553(a) factors, the advisory Sentencing Guidelines and applicable policy statements, and the presentations of counsel; accordingly,

**IT IS RECOMMENDED** as follows:

1. Defendant **GARY MAYS** be found to have **violated** the terms of his supervised release as set forth in the August 29, 2017 Violation Report (R. 27);

2. Defendant's supervised release be **revoked;**

3. Defendant be sentenced to the custody of the Attorney General for a **term of incarceration of 11 months, with no supervision to follow;**

4. Defendant be ordered to pay his fine of $1,500 and make restitution (current restitution amount is $10,777.00) jointly and severally with his co-Defendants, as previously imposed in this Court's sentencing of Defendant after the first revocation of his supervised release (*see* R. 18, at 5-6), and that the Court specify a payment plan under the Schedule of Payments section of the Judgment to be entered;

5. Defendant's sentence, if possible, be served at a federal facility close to the Northern Kentucky/Greater Cincinnati area; and

6. Defendant be permitted to self-report upon designation of a facility by the BOP or to immediately contact the U.S. Probation Office to arrange for self-surrender to the U.S. Marshals Service if the designated facility is distant and Defendant is in need of transportation assistance.

Specific objections to this Report and Recommendation must be filed within **fourteen (14) days** of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); *Thomas v. Arn,* 728 F.2d 813, 815 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Signed this 6th day of December, 2017.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\S.R. violations R&R\15-37-DLB-CJS Mays 2d R&R.wpd

9